Good morning, your honors. May it please the court, my name is Julie Reese and I represent the United States and I'll keep an eye on my own clock but I'll make every effort to reserve about five minutes of time for rebuttal. The evidence presented during the trial in this case, including testimony from three cooperating witnesses, proved that Mr. Henning was a member of a violent robbery crew that was committing a string of armed robberies throughout the Los Angeles area. And one of those robberies was the Delamo robbery. And the evidence in connection with that robbery proved that Mr. Henning attended two separate planning meetings on two different days, the day of the aborted robbery, February 26th, and the day of the successful robbery, three days later on February 29th. And on both days, he met in the same park with the same people. And on both days, immediately after those meetings, he got in the car, in his own car, and he drove himself down to Torrance, California, which is where the mall is located, to serve as a backup getaway driver. And on the day of the successful robbery, he was in regular communication with the leaders and organizers, Mr. Johnson and Mr. LaForest, in the 15 minutes before and the 15 minutes after the robbery, before he then left the area at the same time of all of his co-conspirators. Assume, for just purposes of discussion, that that's sufficient evidence to make the judge's judgment of acquittal reversible error. Yes, Your Honor, and the government's position is that it is. I know that's your position. Why, we review the grant of a new trial, however, for abuse of discretion, with considerable deference to the district judge who watched the trial, saw the witnesses, heard the testimony. Tell me why we should find that the district court abused its discretion in the conditional grant of a new trial. Your Honor, the government understands that the standard, of course, is much more deferential to district courts. I just said that. Yes, right. Here, there are legal errors that the district court committed that so undermine the analysis that there's a significant risk that the district court did, in fact, abuse its discretion by committing an error of law. And the district court's errors were that it erosionously... How can you commit an error of law in granting a new trial? You can abuse your discretion, but how can you commit an error of law in granting... I'm assuming the judge did hear exactly what the rules say you should do, granted a judgment of acquittal. But if I'm wrong, legally wrong in granting a judgment of acquittal, as a matter of discretion, having heard the evidence, I think a new trial is required. So assume that legal errors were made in granting the judgment of acquittal. Tell me why it was an abuse of discretion to grant a new trial. Well, Hinkson, this course, Ambon case in Hinkson, Your Honor, is itself a grant of a new trial. And there, this court articulated that an error of law can, in fact, infect a new trial grant. And the same errors that infected the judgment of acquittal in this case infected the district court's analysis of the Rule 39, or 33 motion. And that was the evidence, the refusal to consider evidence relating to the acquitted counts. There's absolutely no support for the idea that evidence that relates to acquitted counts cannot possibly be considered and inform an analysis of conviction on, or an analysis of the propriety of conviction on counts of conviction. And I think more significantly, the district court refused to consider evidence relating to robberies and events that were not specifically pleaded in the indictment. And this court's law is quite clear that the government is not required to plead all of its evidence in an indictment in order to offer proof or evidence during trial to prove out the full scope of a conspiracy. There were issues here, weren't there, that would give some pause to somebody, including the judge. It looks like, you know, you had the whole gang of people here. But Mr. Henning's role or his participation was somewhat, I guess, questionable. It didn't have all the evidence against him that you had against some of the other gang members. I think, for example, his name and number were not written on the piece of paper listing the robbery participants found in the co-conspirator's car. There's no footage of his car in the parking lot of the mall around the time of the robbery. There was no evidence that Mr. Henning spoke at either of the meetings. I mean, it seems like there was some evidence that the district court found disconcerting. He saw all the testimony. He heard all of the witnesses. Why is this an abuse of discretion? So, again, I think the abuse of discretion issue is separate from the Rule 29 issue. On the abuse of discretion, Your Honor, again, the government understands that the court can consider that evidence. It doesn't have to draw every inference in favor of the verdict at the Rule 33 stage. And so, to the extent that those are issues of concern, evidentiary issues of concern, the district court could consider it and it wouldn't be an abuse of discretion to consider those. Are you conceding then on the motion for new trial? No, Your Honor. The government's position is that there were legal errors that should cause this court to at least ask the district court to re-evaluate its Rule 33 grant. But isn't it in the nature of a conditional new trial grant that the judge is saying, I think as a matter of law, you should be acquitted? But I could be wrong about that. And the court of appeals may tell me I'm wrong about that. It may tell me I committed legal errors. But even if it did, I'm exercising my discretion in the interest of justice to order a new trial. I'm just not sure why I should import your judgment of acquittal arguments into your new trial abuse of discretion analysis. I think the answer to that question is that our arguments on what evidence as a matter of law a jury can consider in reaching a verdict applies with equal force to the Rule 33 context. I take your point. I'm agreeing with you for purposes of argument that the jury could consider all the evidence. The judge, having looked at all the evidence, I think impliedly is saying to us, I don't find it that strong, so I'd like to see a new trial in the interest of justice. What's wrong with that? The district court may do exactly that if it's given the opportunity to reconsider its Rule 33 grant on remand. The government understands that the district court may do exactly the same thing on remand. So it's your problem that the district court didn't say that? I think the issue is, yes, there is no robust Rule 33. If the district court said that, would you be here opposing the new trial? It would be a much more difficult case for us if the district court had actually articulated what its analysis. Do you reckon that the district court is required to say it in granting a condition to a new trial? I don't think that that would be our argument. I think this would be, again, an entirely different case if the district court had merely surveyed the evidence and hadn't then also adopted principles of law that are contrary to this court's precedent. But instead, in the district court's analysis of its Rule 29 grant and adopted principles of law that do violate this court's precedent, again, the... You're saying the Rule 29 taints the motion for a new trial? Yes, because the district court didn't undertake any separate analysis on the Rule 33 motion. That was my question. So your point is that it has to undertake a separate analysis if it's wrong on the Rule 29? I don't think that that would be true in every case. I think that this case is a unique circumstance because it's not just a district court evaluating facts. Here, the district court did undertake an analysis of the facts, but in its analysis of the facts, it also said, but I'm not going to consider, I'm going to ignore these facts for X reason and for Y reason. That's where you and I are missing each other here. This isn't the Rule 29 of the new trial grant here. Isn't it the judge essentially saying, look, I could be wrong about all that stuff and somebody may tell me I'm wrong about that. That's why we have appeals. But if I'm wrong about what the standard is for a new trial, and I think this evidence warrants that, why shouldn't we impliedly read that into what the judge said? I think because what the district court said was, in case I'm wrong about whether the evidence as a matter of law is insufficient, I'm conditionally granting this Rule 33. When the district court said that, it incorporated into that conclusion its analysis of the law that it should be applying in what evidence to consider. But the district court seems to indicate it understands. I mean, I know he did this in a footnote, but, you know, in that footnote, he says, a motion for new trial is, and he quotes Pimentel, directed to the discretion of the district judge and should be granted only in exceptional cases, such as where, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred. He's also citing United States v. Alston. So it seems that he has a very clear understanding of the standard, and he's making a determination in light of that standard. Now, I understand that you're arguing on the motion for acquittal that that may have been flawed, but it seems like you're arguing that he didn't really understand what he needed to do, and it was problematic from the spillover of the motion for acquittal. But I'm just trying to, based on what I see here, it seems like he had a clear understanding. And he had serious concerns about Mr. Henning's conviction. That footnote does correctly articulate the Rule 33 standard that the district court has to apply. The government does not take any issue with that. Again, the issue is just, because the district court didn't explain its reasoning and its rationale, this court should assume that the district court applied the exact same... Well, but see, you're saying because the court set what the right standard was, but you're asking us to assume it applied the wrong standard because it entered a judgment of acquittal. And that's where I'm having difficulty. If you want to argue to us that the court just abused its discretion in thinking that there was a miscarriage of justice, or that the evidence preponderated the other way, I'd understand that argument. But I don't understand the argument that we should import error into an analysis where the district court stated the right standard. So the district court stated the right standard, but it also stated standards separate and apart from its articulation of what the Rule 33 standard is. And those standards were, I'm not allowed to consider evidence that relates to accounts that for which acquittal was handed down, and I'm not allowed to consider evidence relating to robberies that weren't specifically pleaded in the indictment. Now, that's two legal errors, and those two legal errors carried out throughout the court's entire analysis. Now, of course, the government's position is also, frankly, that the evidence here was not so... Well, tell me, that's what I've been waiting for from you. Tell me why the evidence made what the judge did an abuse of discretion. I think what the evidence that made what the court did an abuse of discretion is the, frankly, quite strong evidence of the role that Mr. Hanning played in this particular robbery. He was at, again, two planning meetings relating to the Del Amo robbery. Immediately after those two planning meetings, he twice got himself into his own car, and he took affirmative steps to drive himself down to the Torrance Mall. And during that time that he was in the area of the Torrance Mall, or of the Del Amo Mall, which is in Torrance, California, during that time, he was in really regular communication with Mr. LaForce and Mr. Johnson, who were the primary leaders and organizers. And those phone calls weren't just to... They were regular, they were repeat. They weren't just, Mr. Hanning... You have phone calls, but all the other testimony, all the other evidence is based on his criminal co-conspirators testimony. Is that correct? I don't mean to point to my colleagues here. Criminal co-conspirators. I'm a co-conspirator. Right? Is that right? That's the basis for the evidence that you're saying exists? Yes. It's the three accomplices... So if he had some real concerns, I understand the jury may not have, but if he had some real concerns about what was kind of going on and how Mr. Hanning got caught up in this, isn't it fair for him to say, hey, I have real concerns that there may be a serious miscarriage of justice by him going forward. And so, I mean, the evidence that you're relying on is the evidence that a judge could question. Yes, it is evidence that a judge in his discretion could question. And again, we understand that the standard is much more deferential to the district court. We may diverge with the district court's analysis of whether the evidence sufficiently preponderates against the verdict to make it a concern that there might have been a serious miscarriage of justice. And I do want to point to two pieces of evidence relating to the phone calls around the time of the Dalama robbery, which the district court really didn't give sufficient attention to. One is that it wasn't just Mr. Hanning calling Mr. LaForest and Mr. Johnson. It was also Mr. Johnson calling Mr. Hanning. And Mr. Johnson is one of the primary leaders and organizers of the conspiracy. And Mr. Johnson and Mr. Hanning's phone calls weren't on Mr. Johnson's regular phone. That's the 6224 phone. That's the phone that's subscribed in Mr. Johnson's name. The phone calls between Mr. Johnson and Mr. Hanning are on a phone ending in 3716, which is a burner phone that Mr. Johnson purchased specifically to carry out criminal activity. It's the phone number that he gave to Mr. Olima in the interest of furthering the Dalama robbery. And given that additional evidence, which I don't think the district court considered, I don't think that the evidence preponderates so heavily against the verdict that there's a risk of a serious miscarriage of justice. Do you want to reserve the time? Great. Good morning, Your Honors. My name is Ann Voights and I represent Appellee Justin Henning. The district court in this case, an experienced district court judge, said I've had a lot of cases, but I've never had the evidence be so thin. Based on that, the district court correctly acquitted Mr. Henning on the three counts on which the jury had convicted him. And then the alternative conditionally granted his motion for a new trial. This court should affirm that decision because the government's arguments to the contrary mischaracterized the record and they mischaracterized what the district court actually did here. Well, we review the district court's judgment of acquittal de novo, right? That's correct. As much as I respect the district judge and his experience, doesn't matter. We look at the evidence and see whether it meets the sufficiency standard. Looking at the evidence in light most favorable. Light most favorable to the government. You guys at two meetings, he drives to the scene. The first time he drives to the scene of the robbery. The second time he goes in the area of the robbery. Somebody says a co-conspirator to be sure, maybe not to be believed. He was the emergency backup driver. There's a bunch of phone calls back and forth between your guy and the conspirators. Isn't that enough to meet the sufficiency of the evidence standard? No, Your Honor, it isn't. If I could explain why. Sure. What they needed was, as the court said, some evidence that would support Mr. Henning actually actively participating. The furthest that the court thought the evidence supported was something that was consistent with, but nothing supported the idea that Mr. Henning had actually accepted the role. Well, there's two meetings at which a robbery is planned. That's uncontested. I'm going to put it differently. Taking it in the light most favorable to the government, there's two meetings in which a robbery is planned, correct? Correct. Your client's at both meetings, correct? Well, that's where, again, we agree that... Taking the evidence in the light most favorable to the government, your client's at both meetings, correct? Yes, but the government conceded... Your client drives after the first meeting to the scene of the robbery. The government conceded below, however, that Mr. Henning said nothing at... I understand. I'm trying to take the evidence in the light most favorable to the government. When we get back to your new trial argument, those were all great arguments. The second time, he drives to the area of the robbery and communicates with the co-conspirators during the robbery. So, if I could address that point. Yes. So, first off, it's whether he was in the area of the robbery. And I think that overstates what Agent Bowles' testimony actually was. How far away was he from the robbery scene? So, Agent Bowles said he couldn't assign a precise location. He was very specific about that. He said he couldn't assign a precise location and he said he couldn't say who was on either side of those phones making the calls. But you do agree the calls took place? At least there's evidence the calls took place. Took place to a number that the government attributed to Mr. Henning. So, why isn't that, even if you put aside his presence in the area the second time, why isn't that enough to get past the relatively low bar of sufficiency? Because, again, the theory here, the evidence was that, taking it in the light most favorable to the government, that the role that was assigned to him was as the emergency getaway backup driver, right? Yeah, I've never heard that role before. It's a terrific role. If you're going to be in a robbery, being the emergency backup driver is the right position to have, I think. But the problem was, he was the emergency backup driver that no one could reach. He wasn't in one of the cooperator's contacts. Well, that's my problem. He wasn't reachable. He wasn't reachable, perhaps. I mean, first of all, there's no evidence that no one could reach him. All we knew is that the guy on the scene didn't have his number written down. But he was reachable by the other conspirators and presumably the guy on the scene could reach the other conspirators too, couldn't he? Well, again, if I could respond to that point. First, he was reachable. The only evidence of calls is between numbers that were attributed to Johnson and LaForest. So the individual who was the cooperator who drove the getaway car had a list of the people who were involved in their phone numbers, but my client's name and phone number were not on it. He had Mr. Johnson and Mr. LaForest's phone numbers in his contacts. He did not have Mr. Henning's phone number in his contacts. The person who needed... That's a great jury fact. Closing argument and a point that you can draw out in another trial, perhaps. But I'm trying to figure out, I mean, isn't there an inference there that the jury could draw from that supports a verdict of guilty? It seems like it is. Are you saying that that's just impossible? I'm saying that, yes, I'm saying that that is impossible because here... No rational juror could conclude? When you look at all of this, really, Schultz, I think you might be better off arguing on the motion for new trial. And I'm certainly happy. I think these arguments overlap. So the extent that I'm taking on the evidence in the context of the motion for acquittal, those arguments all, with respect to the evidence, apply equally to the new trial. If you don't mind, I want to give you your opportunity on the motion for acquittal, but I would like to ask you about the motion for new trial. Because even though the district court dropped the footnote here, is that enough in doing it in a footnote? I think that may be what Ms. Reese is talking about in terms of not a robust analysis. And do we need more? And then also, I mean, the law is clear in affected states. A motion for new trial should only be done in exceptional cases. And is this one of those exceptional cases? And if you have any cases that tell me why this is, there may not be a lot of cases. Correct. And I think the court had looked for cases and didn't find much. I think it's comparable to the knowing presence cases, both in this circuit and in others. But I think it is fair to say that all of his assessment of the evidence applies equally within the new trial context. Well, you see, that's the problem that your colleague puts me into. The judge says, I don't think this evidence was admissible or sufficiently robust enough to reach the relatively low standard to get to the jury. So how do I know the judge separately analyzed whether or not the evidence, if admissible or if sufficient, was enough to was still somehow fell below the miscarriage of justice thing? We have a footnote. She doesn't say you have to make a separate analysis, but that's the concerning part about this case. A judge is certain that there's not enough evidence to go to the jury. He grants a motion of acquittal. He says, and by the way, if I'm not right, let's have a new trial. But that's a separate analysis. Why didn't? But I think he did do a separate analysis. And I think focusing on whether it's in a footnote or in the text, I think, misstates or is a misplaced concern. I think the court here was very concerned. I mean, he expressed again and again his concern with how thin the evidence was against Mr. Henning. And I think there are, as we've set forth with all of our discussion going to the motion for acquittal, there really were extraordinary concerns about how thin the evidence was against him. And the government's arguments to the contrary depend on alighting differences in what was actually said in the testimony. For example, saying that Mr. LaForest and Mr. Johnson were dispatchers, that they were in the role of coordinating, connecting Mr. Henning with others. When in fact, the testimony about what roles they played never mentioned anything about having them be dispatchers. Yeah. Your friend across the aisle argues that because the judge made some legal errors in the motion for acquittal, that that spills over into the motion for new trial. Can you respond to that? I think, again, as Judge Hurwitz pointed out, the court articulated the correct standard. And I think on some level, there's no reason to disbelieve that the court applied the correct standard. He said what he was doing and he did it. Look at the end of the footnote. Justice demands that Henning be granted a new trial as the government has failed to present sufficient evidence to prove that he did anything to participate, or conspire to commit the Del Amo robbery. That's the motion for acquittal standard, is it not? Well, I think it's, no, I think it's different. Because again, in the motion for a new trial, he isn't obligated to draw all inferences. No, but he says the government didn't prove that he participated. That's why I'm granting a new trial. That's also why he granted the judgment for acquittal, isn't it? He didn't say, even if they proved, you know, even if they had enough that he participated, it's kind of thin. I think he rightly saw, and this is, that the evidence was too thin to sustain it, either under the standard for a motion for acquittal or under the standard for a new trial. Particularly here, where the jury was exposed to exhibits that had not, that were not part of evidence. I think that's a legitimate concern and another reason to affirm the conditional grant of a new trial here. Because when you are looking at the evidence against Mr. Henning, it consisted of three things. It consisted of the cooperator's testimony, which he doesn't have to credit on the motion for a new trial. It consisted of phone records, which again, required inference upon inference to attribute them to Mr. Henning. And to assume something about content that I think even the government concedes, we don't know what was actually said on any of those phone calls. And then third, the CSLI information, the cell phone location information, which again, the FBI agent was very clear that he couldn't put Mr. Henning or any witness or any defendant in any particular place. That at best, you could say they were within, you know, one or two mile range of a particular area, which when you're talking about someone being an emergency getaway driver, it matters how close they are. It matters that you can reach them in case of emergency. So the fact that the... I mean, I guess I once had the theory that you could explain away bad planning for criminal activities, but the truth is they're criminals. Maybe they didn't keep a good list of where the emergency backup driver was. Somebody testified that he was the emergency backup driver, didn't they? They did, but they also testified that it was somebody who would come in after the robbery, who would be able to help. And they never testified, for example, that Mr. Forrest or Mr. Johnson were intended to be the dispatcher who would then coordinate with Mr. Henning. They testified that they didn't have Mr. Henning's phone number. They didn't know how to reach him. One of the cooperators said, I didn't have it in my contacts. I didn't have it on the list. And I think in light of that... Stephen testified that during the second meeting, another co-conspirator explicitly reminded Henning of his role as an extra driver. I guess it was LaForrest just told him that he'll be an extra driver. So I think the testimony is ambiguous there, because when you look at what he then subsequently said, Stephen said, the only way I know that is because LaForrest told me. So again, most of the evidence here is what's being told. It's sort of like a game of telephone. It's through several links. None of this is about Mr. Henning's own statements. None of it really is about his own actions. And so here, given the fact that some of the demonstratives that went back were about the cell phone location, and the district court at the time, when it realized that these had gone back, said this is highly prejudicial. This is really problematic. And the government tries to distinguish that by saying, yes, but look, he denied the motion as to the other defendants. But the evidence against the other defendants was substantially different and far, far more significant than it was with Mr. Henning. I think at a minimum, this court should affirm the district court's grant of a new trial. To the extent it disagrees with the court or disagrees with the district court about the legal framework, I'm certainly happy to address questions with respect to that. We think that the court did apply the correct legal standard. But even if you disagree, that the right standard would be to send it back to the district court to apply the correct standard in the first place. The court has no further questions. I'll submit. Thank you very much. Thank you. Ms. Rich, do you have any cases that say, hey, this is not an exceptional case? That this is not an exceptional case. I think that the cases that most strongly support our argument that there is evidence of intentional participation sufficient to survive the Rule 33 standard are, frankly, the rule, the mere presence line of authority that predates Neville's. And even in all of those cases, the evidence was such that you could still infer that Mr. Henning, in this particular case, did play an active role in this crime. And so, but I think we're asking, I think the question is, let's assume you're right about the judgment for acquittal. There's enough evidence to go to the jury. By what standard do we measure extraordinary case? Tell us. Tell us. There's a case out there that helps us, helps, might convince us that this is not the extraordinary case. This is a case in which the judge shouldn't have granted a new trial. I think, I think Kellington is a good case there, which basically articulates a standard. And I think the proper application of the standard is, is that the judge is not simply supposed to say, well, if I was a juror, I would have chosen, or I would have decided this case differently. What were the facts in Kellington? Kellington, Kellington was a case, I think I'm more referring to just the general application of this, the articulation of the standard in that case. And the general articulation of the standard there is that although the court is not obliged to view the evidence in the light most favorable to the verdict, and it's free to weigh the evidence and evaluate for itself the credibility of the witnesses. The point is that you're supposed to be looking for circumstances where the evidence so strongly preponderates against the verdict that no, that we, that it would be an extreme miscarriage of justice to allow the verdict to stand. So let's assume the judge heard the co-conspirators and said, I've observed their demeanor. I think they're lying. The jury's entitled to believe them, but I don't. Could the judge grant a new trial under those circumstances? Yes, the judge could grant a new trial under those circumstances. But in this case, the district court did not ever say that it found the cooperating witnesses to be incredible. In the end, your position is based on the absence of some specific findings by the district judge, isn't it? Yes. And I think I do want an alternative finding. He had kind of laid out all of his concerns regarding the most, you know, in his motion to acquittal for acquittal. And then he basically says, oh, and then the alternative, basically everything I've said here, I mean, that's what we can certainly, you know, infer from what he's written here. That all supports, goes to my decision in the alternative for a motion for a new trial. And so I'm just trying to figure out why that's not sufficient. So I see I'm out of time. I'm obviously going to answer your question. I want to talk about the three pieces of evidence that both the district court and Mr. Henning pointed to as being so indicative of innocence that they would preclude the jury from drawing any culpable inferences. I would say the best one for us is this idea that Mr. Johnson and Mr. LaForest could not possibly have coordinated Mr. Henning with the other individuals who were in the store actually carrying out the robbery. Now, of course, we have evidence that they're the primary organizers. We have evidence that they're actually in contact with the people who are the drop-off person, the getaway driver. And then you have testimony from one of those cooperating witnesses, and this is at GER 338, when that cooperating witness was pressed on this issue, on the issue of not having somebody else's contact information. And I'm going to quote it. It says, you act like as if I was the one that was setting it up. Just because I can't contact the person doesn't mean the person can't be next to me. Now, that is a person who was involved in this robbery saying, look, these people, the fact that I didn't have his phone number was not an impediment to him serving the role that he was supposed to play in this robbery. And just because we might have preferred, if we were planning it, we would have had their direct contact information doesn't mean that the way that they planned this robbery precludes a conviction of Mr. Henning. If there's no further questions. Thank you. Ms. Reese, Ms. Voigt, very much appreciate your oral argument presentations here today. The case of United States of America versus Justice Marcus Henning is submitted. Thank you.
judges: Murguia, Hurwitz, Guirola